UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BONNIE M. PETERSEN, f/k/a/ BONNIE M. DESMOND,

Plaintiff,

vs.

RORY BOLTER, in his official capacity as an employee of the Arlington Police Department, *et al.*,

Defendants.

NO. C09-1164RSL

ORDER GRANTING SNOHOMISH COUNTY'S MOTION TO DISMISS PURSUANT TO FRCP 12

## I. INTRODUCTION

This matter comes before the Court on "Defendant Snohomish County's Motion to Dismiss Pursuant to FRCP 12(b)(6)" (Dkt. #7). The Court has also considered the arguments presented in plaintiff's response (Dkt. #8) and defendants' reply (Dkt. #10). Defendant moves to dismiss the complaint against Snohomish County ("the County") and its employee, Deputy Prosecutor Mark K. Roe ("Roe") because the amended complaint has not sufficiently alleged two elements of malicious prosecution under Washington State law. Additionally, the County claims Deputy Prosecutor Roe is absolutely immune from liability. Having held oral argument on

ORDER GRANTING SNOHOMISH COUNTY'S MOTION TO DISMISS

December 8, 2009, and having reviewed the submissions of the parties, the Court GRANTS defendants' motion to dismiss because it finds that Roe was acting within the scope of his duties as prosecutor in signing a criminal complaint and is therefore absolutely immune from liability.

## II. FACTUAL BACKGROUND

The underlying facts of this case are tragic. Briefly, plaintiff was arrested and held in jail on June 18, 2007 on a charge of First Degree Manslaughter for allegedly causing the death of her infant by taping a pacifier in his mouth. Weeks later, however, after the County Medical Examiner's autopsy could not determine with certainty the baby's cause of death, the charges were dropped.

On August 17, 2009, Plaintiff filed a complaint (Dkt. #1) against the arresting officers, prosecutors, and their employing municipalities alleging both federal and state causes of action for "arrest without probable cause" and "unlawful imprisonment." The County filed a motion to dismiss that complaint (Dkt. #7) on September 17, 2009. Apparently moved by the arguments in the County's motion, on October 6, 2009, plaintiff filed both a nominal response (Dkt. #8) and amended complaint (Dkt. #9), the latter of which now alleges only a state law cause of action against the County and its prosecutor for "malicious prosecution." The County filed a reply (Dkt. #10) on October 9, 2009.

## III. DISCUSSION

Plaintiff's First Amended Complaint, having dropped its previous Section 1983 claims, now alleges only one state law cause of action, malicious prosecution, against the County and Mr.

Roe. See Plaintiff's Response, Dkt. #8 at 4 ("The sole cause of action set forth in plaintiff's First Amended Complaint asserts a state-law cause of action for malicious prosecution against Snohomish County and Mark K. Roe, a Snohomish County Deputy Prosecuting Attorney.") Defendants move to dismiss this cause of action because plaintiff has not alleged facts sufficient to show two elements of malicious prosecution under Washington State law. Defendants also argue that, regardless of the these missing elements, Deputy Prosecutor Roe is absolutely immune from liability because he was acting in his official capacity as prosecutor, citing Tanner v. City of Federal Way, 100 Wn. App. 1 (2000). While it is doubtful plaintiff's allegations would survive scrutiny if further examined, the Court finds it need not address the elements of malicious prosecution under Washington State law because it finds Mr. Roe to have been acting within the scope of his duties as prosecutor and therefore to be absolutely immune from liability.

The root of plaintiff's malicious prosecution claim can be found in Paragraph 6.9 of its amended complaint: "That Bonnie M. Peterson would not have been jailed . . . but for the filing of Criminal Complaint by Mark R. Roe on June 19, 2007 in Snohomish County District Court, and the false testimony submitted by Mark K. Roe contained therein." Mr. Roe's alleged "false testimony" is described in Paragraph 3.19:

> That the Criminal Complaint . . . falsely stated that Bonnie M. Petersen recklessly caused the death of her infant son N.J.P. At the time said complaint was filed, and up until the present time Mark Roe did not know the cause of death of N.J.P. . . .

Plaintiff alleges that because Mr. Roe signed and filed a criminal complaint against her for First Degree Manslaughter without knowing for a certainty the cause of death, he "falsely testified"

ORDER GRANTING SNOHOMISH COUNTY'S MOTION TO DISMISS
-3-

and is subject to suit for malicious prosecution.

It should go without saying that this argument is untenable. "It is well established that a prosecutor who acts within the scope of his or her duties in initiating and pursuing a criminal prosecution is absolutely immune from liability." Tanner, 100 Wn.App. at 4. Plaintiff's argument is clearly foreclosed by Tanner, which squarely holds: "We hold that a prosecutor does not act as a complaining witness by certifying the presence of reasonable grounds to believe that the accused has committed the cited offense." Id. It further states that "[i]nitiating and signing a criminal complaint after reviewing evidence provided by a complaining witness are functions that fall squarely within the traditional functions of a prosecutor." Id. at 7. Here, Mr. Roe did no more than sign a complaint certifying the presence of reasonable grounds to believe Ms. Petersen had committed the cited offense. As such, he is absolutely immune from liability. The County shares Roe's absolute immunity for this claim. See Tanner, 100 Wn.App at 6 (citing Kentucky v. Graham, 473 U.S. 159, 167-68 (1978)).

### III. CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is GRANTED. The claims against Deputy Prosecutor Roe and Snohomish County are DISMISSED.

DATED this 8th day of December, 2009.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge